IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                    CRIMINAL NO. 3:19-cr-00050-CWR-FKB

OKANLAWAN O. NORBERT

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

Comes now Defendant Okanlawan O. Norbert and files this Motion to Suppress Statements and Physical Evidence. An evidentiary hearing is requested on this Motion. In support of the Motion, Mr. Norbert presents the following:

### I.     Introduction

Here, the discovery provided to the defense is unclear as to many details and sequence of events that led to Mr. Norbert's arrest and the search that lead to the finding of the subject firearm.

### II.    Relevant Facts

This prosecution began when the Grand Jury returned a one-count indictment against Mr. Norbert on February 20, 2019, charging him with having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The facts pertaining to this case follow.

On November 29, 2017, the Hinds County Sheriff's office allegedly received a tip that illicit drugs were being sold in the parking lot of The Millsaps Apartments which are located at 333 Millsaps Avenue in Jackson, MS. The tipster allegedly described several

individuals and described a vehicle. Sometime later, the investigator, that received the tip, along with other deputies of the Street Crimes Task Force, went to the location.

The deputies patted down the individuals that were standing across the parking lot from the car matching the tipster's description. Officers patted down Mr. Norbert, but nothing was found. One of the officers then approached and opened Mr. Norbert's vehicle and allegedly saw a Taurus pistol on the floorboard by the driver's seat. Deputies checked the gun's serial number through Hinds County Dispatch and the gun was not listed as being stolen.

### III.  Argument

**A.  Evidence found as a result of Mr. Norbert's illegal seizure should be suppressed.**

The Fourth Amendment to the United States Constitution sets forth protections concerning searches and seizure of people and property:

> The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath and affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. "The Fourth Amendment's requirement that searches and seizures be founded upon objective justification, governs all seizures of the person, 'including seizures that involve only a brief detention short of traditional arrest.'" *United States v. Mendenhall*, 446 U.S. 544, 551 (1980) (citations omitted). Additionally, a seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen[.]" *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). Only a

search that is "pursuant to probable cause and exigent circumstances" can be an "exception to the Fourth Amendment's warrant requirement." *Steagald v. United States*, 451 U.S. 204, 211, (1981).  And probable cause for a seizure exists "when the totality of facts and circumstances" within a police officer's "knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing an offense." *United States v. Shugart*, 117 F. 3d 838, 846 (5th Cir.), *cert. denied*, 522 U.S. 976 (1997) (quotations and citations omitted).  "A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional." *United States v. Ho*, 94 F.3d 932, 936 (5th Cir. 1996) (citing *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993)).  However, in the present case, "in which the officer acted without a warrant, the government bears the ultimate burden of proving that the officer had probable cause." *Id*.

Here, the officers seized Mr. Norbert and entered his vehicle without an arrest warrant or search warrant.  Given that the government has not proved that the officers' warrantless seizure of Mr. Norbert was supported by probable cause, all physical evidence obtained thereafter must be suppressed.  See *United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998) (noting that under the "fruit of the poisonous tree" doctrine, all evidence derived from the illegal search or seizure must be suppressed).

### B. Any self-incriminating statements allegedly made by Mr. Norbert should be suppressed.

After being illegally seized, Mr. Norbert allegedly made a series of self-incriminating statements. These alleged statements occurred after the illegal seizure of his person by

the police and before he had been advised of his rights. The discovery provided to the defense states that Mr. Norbert was advised of his rights and charges on the scene, but whether Mr. Norbert was adequately advised of his *Miranda* rights will be further explored at the evidentiary hearing on this matter. Here, the totality and circumstances reveal that Mr. Norbert never knowingly and voluntarily waived his rights.

> **C.** **The tip received by the Hinds County Sheriff's office is insufficient to establish probable cause.**

The Fifth Circuit has held that the "temporal aspect for the test of probable cause is whether the anonymous information is reliable under the totality of the circumstances." *United States v. Morales*, 171 F.3d 978, 981 (5th Cir. 1999) (citations omitted). The Fifth Circuit has applied the totality of the circumstances test which includes four factors:

1. The nature of the information. *Morales* at 981.

2. Whether there has been an opportunity for the police to see or hear the matter reported. *Id*.

3. The veracity and the basis of the knowledge of the informant. *Id*.

4. Whether there has been any independent verification of the matters reported through police investigation. *Id* at 981-82.

The nature of the information given must be assessed. In *Morales*, the Fifth Circuit found in favor of the defendant on this first element because the individuals who made the 911 call "did not indicate how they knew the information." *Id* at 982. Here, there is no information on how the information was ascertained by the informant. Thus the nature of the information is insufficient to establish probable cause.

4

Next, there must be an analysis of whether the police have had the opportunity to see or hear the matter reported. In *Morales*, the Fifth Circuit noted that the police officers did not observe the reported conduct "to corroborate the 911 call," nor did they "spend much time" appropriately investigating the scene prior to the search. *Id*. So the court found that the facts did not justify probable cause for a warrantless search. Here, there is no indication that the police observed illicit behavior before their warrantless seizure of the individuals and subsequent search of Mr. Norbert's vehicle. Here, as in *Morales*, the facts do not justify probable cause for a warrantless search.

The discovery provided to the defense does little in determining the veracity and basis of knowledge of the informant. This issue should be further explored by this Court at the evidentiary hearing. Currently, there is no information to confirm the basis of knowledge of the caller allowing the tip to establish probable cause for a warrantless search. Therefore, this criteria of the test should favor the defense.

Finally, there must be an independent verification of the matters that were reported. Here, Mr. Norbert is seized and patted down with nothing found on his person that would corroborate the caller's claims. Further, there are no illicit drugs found in his vehicle that would support the report given by the informant. As a result, this element of the four part test should also favor the defendant.

In this case, the call placed to the Hinds County Sheriff's office fails to satisfy the Fifth Circuit's totality of the circumstances four part test. Consequently, the reported information given by the informant fails to establish probable cause for a warrantless seizure of Mr. Norbert and the subsequent warrantless search of his vehicle. Thus, all evidence and any alleged statements made by Mr. Norbert should be suppressed.

## IV. Conclusion

Wherefore, Defendant Okanlawan O. Norbert, respectfully asks this Court to grant his Motion to Suppress all Evidence, after conducting a hearing on the issue.

Respectfully submitted this the 30th day of July, 2019.

OKANLAWAN O. NORBERT, Defendant

By:     Omodare B. Jupiter
        Federal Public Defender

*/s/ Abby W. Brumley*
Abby W. Brumley, MB#101929
Assistant Federal Public Defender
200 South Lamar St., Suite 200-N
Jackson, MS 39201
Telephone: 601-948-4284
Facsimile: 601-948-5510
Email: abby_brumley@fd.org

### CERTIFICATE OF SERVICE

I, Abby W. Brumley, hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to all attorneys of record.

This the 30th day of July, 2019.

*/s/Abby W. Brumley*
Assistant Federal Public Defender